IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEVEN CRAIG HARTLEY, and ) | CASE NO. 1:05-bk-02317 |
| CYNTHIA SUE HARTLEY ) | |
| ) | |
| Debtors. ) | Chapter 7 |

**MEMORANDUM OPINION**

Steven Craig Hartley and Cynthia Sue Hartley (the "Debtors") filed a motion to reopen their Chapter 7 bankruptcy case to add two creditors, Richard and Tricia Goodwin (the "Goodwins"), who have sued Steven Hartley and his corporation, Precise Enterprises, Inc. ("Precise Enterprises"), in the Circuit Court of Monogalia County, West Virginia. The Debtors also seek to reopen their bankruptcy case to obtain a declaratory judgment that any pre-petition claim that the Goodwins had against Steven Hartley was discharged, and to amend Schedule B to add tools, having a stated value of $1,000, on the grounds that the Debtors had inadvertently omitted those items when filling out their original petition and schedules.

For the reasons stated herein, the court will grant the Debtors' motion to reopen their bankruptcy case.

**I. BACKGROUND**

According to the State court complaint filed by the Goodwins, they executed a residential construction contract with Precise Enterprises on May 23, 2005, whereby the Goodwins would pay it $120,000 in five draws for a home to be built by September 30, 2005. The complaint alleges that the project was not completed in time, Precise Enterprises did not pay all of its suppliers, work was negligently preformed, and that Precise Enterprises and Steven Hartley grossly mishandled and misappropriated the

1

monies disbursed by the Goodwins. As a result of these purported bad acts, the Goodwins request $60,000 in compensation from both Precise Enterprises and Steven Hartley.

On May 24, 2005 – one day after Precise Enterprises executed its contract with the Goodwins – the Debtors filed their Chapter 7 bankruptcy petition. The Goodwins were not listed in the Debtors' bankruptcy schedules as creditors. The Debtors also failed to disclose their ownership interest in about $1,000 worth of tools. According to the schedules filed by the Debtors, they do not own any real property, and the total value of all personal property assets listed on Schedule B was less than $20,000.

On May 24, 2005, the Bankruptcy Clerk's Office mailed a notice to all creditors not to file claims in the case. After completion of the Debtors' meeting of creditors, the Chapter 7 trustee filed a report of no distribution on July 15, 2006. The Debtors received their discharge on September 13, 2005, and the case was closed on the same day.

## II. DISCUSSION

The Goodwins filed a State court lawsuit against Precise Enterprises and Steven Hartley in 2006. On June 16, 2006, the Debtors filed this motion to reopen their bankruptcy case to add the Goodwins as creditors, obtain a declaration that any personal obligation that Steven Hartley owed to the Goodwins had been discharged, and to add the Debtors' tools to Schedule B.

**A.     Reopening a Case to Add a Creditor**

The Debtors seek to amend Schedule F of their bankruptcy petition to include the Goodwins' claim against Steven Hartley.

Section 727(b) of the Bankruptcy Code states that a Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . ." 11 U.S.C. § 727(b). No requirement exists in § 727(b) that a claim be scheduled before it may be discharged. *E.g., Judd v. Wolfe (In re Judd)*, 78 F.3d 110, 114 (3rd Cir. 1996) ("Because section 727(b), on its face, does not create an exception for unlisted or unscheduled debts, every prepetition debt is discharged under section 727(b) . . . ."). Thus, motions to reopen a case to add a pre-petition creditor are routinely denied. *E.g.*, *Horizon Aviation of Va., Inc. v. Alexander*, 296 B.R. 380, 382 (E.D. Va. 2003) (affirming the bankruptcy court's holding that reopening "would be futile because 11 U.S.C. § 727(b) discharges all pre-

2

petition debts, whether those debts were scheduled or not."); *In re Serge*, 285 B.R. 632, 634 (Bankr. M.D.N.C. 2002) (denying a motion to reopen to add five creditors); *McMahon v. Harmon (In re Harmon)*, 213 B.R. 805, 807 (Bankr. D. Md. 1997) ("The most persuasive argument against reopening a no-asset case is that reopening will not afford debtors greater relief than they have already obtained.").

Accordingly, to the extent that the Goodwins' claim arose pre-petition,[1] that claim was discharged. Ordinarily, no basis would exist to reopen a case for the purpose of adding a creditor to the Debtors' schedules; however, in this case, the Debtors' also seek to add omitted assets to Schedule B. While the court has reservations about whether the omitted assets will result in any benefit to the estate, that possibility exists.[2] Therefore, the court will allow the Debtors' case to be reopened to add the Goodwins to Schedule F.

**B.    Exception from Discharge**

In their motion to reopen their bankruptcy case, the Debtors state that they seek a declaratory judgment that their debt to the Goodwins, if any, is discharged, i.e., that the debt is not excepted from their discharge pursuant to 11 U.S.C. § 523(a)(3).

Section 523(a)(3) of the Bankruptcy Code details the consequences of a debtor's failure to notice a potential creditor of the debtor's bankruptcy filing:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–
>
> . . .

---

[1]   The court expresses no opinion in regards to the extent that the Goodwins claim against the Debtors arose post-petition.

[2] For example, in the appropriate circumstances, the trustee may attempt to surcharge a debtor's exemption in personal property. *See, e.g.*, *In re Karl*, 313 B.R. 827, 831 (Bankr. W.D. Mo. 2004) ("When a debtor's contemptuous conduct involves the suppression of estate property, or when a debtor fails to adequately explain its loss, a court may surcharge the debtor's exemptions in an effort to prevent a fraud on the bankruptcy court and to protect creditors by preventing the debtor from sheltering more assets than permitted by the Bankruptcy Code."). Likewise, as discussed in Subpart B, if the Debtors elect to file a declaratory judgement action against the Goodwins, they may also include a cause of action for a violation of the discharge injunction.

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

§ 523(a)(3).

In this case, § 523(a)(3)(A) is not applicable because the Bankruptcy Clerk's office notified creditors not to file claims, and the Debtors' Chapter 7 trustee filed a report stating that no assets were available for distribution to creditors. Accordingly, no deadline was ever set for filing a proof of claim. *See, e.g.*, *Serge*, 285 B.R. at 634 ("[B]ecause there is no bar date in a no-asset Chapter 7 case, there never can be a time in such cases when it is too late 'to permit timely filing of a proof of claim.'").

Pursuant to § 523(a)(3)(B), however, if the claim is of a kind that falls within an exception from discharge pursuant to § 523(a)(2),(4), or (6), which generally encompasses claims for fraud and willful and malicious injury, and if the holder of that claim did not have notice of the bankruptcy in time to file an exception to discharge action, then the claim is excepted from discharge under § 523(a)(3)(B). *See* § 523(c) (providing that a debt categorized under § 523(a)(2), (4), or (6) will be discharged unless the holder of that claim objects); Fed. R. Bankr. P. 4007(c) (allowing a creditor 60 days from the date first set for the debtor's meeting of creditors to file an adversary complaint based on § 523(a)(2), (4), or (6)). As noted by Judge Stocks in the Middle District of North Carolina, three general procedural methods exist whereby a debtor may litigate the issue of whether a claim has been discharged in bankruptcy pursuant to §§ 523(a)(3)(B) and 727(b).

> If there is a genuine dispute between the parties regarding the dischargeability of the debts under any of the subsections of § 523(a), other than § 523(a)(3)(A), there are several ways to litigate the matter. First, if the creditors pursue a lawsuit on the claim, [the] Debtor can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within and of the exceptions to discharge. Second, under Bankruptcy Rule 4007(b) either [the] Debtor or the creditors

4

> can move to reopen this case for the purpose of filing a complaint to determine dischargeability. Third, [the] Debtor can bring an action in this court to enforce the discharge injunction contained in § 524(a) against any creditor who is attempting to collect discharged claims. "The virtue of any of these procedures, as opposed to a motion to reopen to amend schedules, is that it will focus on the real dispute (if there is a real dispute) between the parties – the dischargeability of the debt."

*Serge*, 285 B.R. 634 n.2 (citation omitted).

Accordingly, to the extent that the Debtors seek to reopen the case to file a declaratory judgment action under Part VII of the Bankruptcy Rules, the Debtors' motion to reopen the case will be granted.

**C.    Amending Schedule B**

The Debtors also seek to reopen their bankruptcy case to add personal property assets to Schedule B. The Debtors state that they inadvertently omitted an ownership interest in various tools having a value of approximately $1,000.

Rule 1009(a) provides that a debtor may amend a schedule "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Section 350(b) of the Bankruptcy Code states that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

In this case, it is unlikely that the addition of the Debtors' ownership interest in tools to Schedule B would result in the Debtors' case becoming an asset case. The Debtors' tools would likely be fully exempt under West Virginia law. *See* W. Va. Code § 38-10-4(f) (exempting "[t]he debtor's interest, no to exceed one thousand five hundred dollars in value, in any . . . tools of the trade of the debtor . . . ."). Even if the tools of the trade exemption were not available, according to Schedule C, the Debtors used less than $20,000 in exemptions, well below the $25,000 wild card exemption allowed to the Debtors under State law. § 38-10-4(a), (e). However, because the Debtors' have not yet claimed an exemption in the tools, and because their entitlement to an exemption in previously omitted assets has not been adjudicated, a possibility exists that the tools may be administered for the benefit of the estate; thus, the court will allow the estate to be reopened for the purpose of scheduling the previously omitted tools. Nothing in this opinion will prejudice the rights of the United States trustee or the Debtor's Chapter 7 trustee to take any action against the Debtors based on their original omission of the tools from their schedules.

5

### III. CONCLUSION

The court will grant the Debtors' motion to reopen their case.[3]  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

---

[3] The Debtors also requested that the court waive the fee required to reopen their case on the grounds that paying the fee would create an undue hardship on them.  Pursuant to 28 U.S.C. § 1930(f), the bankruptcy court may waive fees for debtors whose income is less than 150 percent of the official poverty line.  The Debtors' motion to waive the reopening fee does not contain information that would allow the court to make that determination; thus, the motion will be denied without prejudice.

6